65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shukry MESSIAH, Petitioner-Appellant,
v.
BAKERSFIELD MUNICIPAL COURT, Respondent-Appellee.
 No. 95-15398.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shukry Messiah appeals pro se the denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254 or 2241 and his request for a stay of state criminal proceedings under 28 U.S.C. Sec. 2251. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 "As an exercise of judicial restraint, ... federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." Carden v. Montana, 626 F.2d 82, 83 (9th Cir.) (a Sec. 2241 petition), cert. denied, 449 U.S. 1014 (1980). Absent special circumstances, such as " 'proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' " a federal court will not entertain a pre-trial habeas corpus petition. Id. at 84 (quoting Perez v. Ledesma, 401 U.S. 82, 85 (1971)).
 
 
 4
 Here, Messiah has been charged with misdemeanors in a California Municipal Court. At the time he filed his federal habeas petition he had not been tried. Messiah sought habeas relief because the police did not have probable cause to arrest him; the state court judge issued rulings in his case after he had disqualified himself; his attorney is rendering ineffective assistance of counsel by failing to file suppression motions; and he is being deprived of his right to a speedy trial. Because Messiah can vindicate his federal constitutional claims in the state courts, for example, by filing pre-trial motions or a direct appeal, the district court did not err by declining to entertain his pre-trial habeas petition. See id. (declining to entertain pre-trial habeas petition raising a speedy trial claim). Messiah's assertion that the police officers conspired to arrest him to cover-up their own illegal conduct reduces to a challenge to the legality of his arrest; consequently, this claim can be aired in state court and does not require federal intervention at this time. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3